UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GREG A. CURTIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00448-WTL-DLP |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus**

Petitioner Greg Curtis is serving a 5-year sentence for his 2017 Vanderburgh County, Indiana convictions forgery, exploitation of an endangered adult, and theft. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Curtis's petition for a writ of habeas corpus is **denied** and the action **dismissed without prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Factual and Procedural Background**

On April 7, 2017, Mr. Curtis pled guilty to one count of forgery, one count of exploitation of an endangered adult, and one count of theft. Dkt. No. 9-1, p. 21. He was sentenced to a total of five years at the Indiana Department of Correction (IDOC). *Id*.

Although Mr. Curtis waived his rights to an appeal, he filed a notice of appeal in the Indiana Court of Appeals on August 16, 2017. Dkt. No. 9-2. The Indiana Court of Appeals dismissed his appeal on January 24, 2018. *See Greg Curtis v. State of Indiana*, Cause No. 82A01-1708-CR-1809.

Mr. Cutis has not filed a *pro se* petition for post-conviction relief. *See generally* https://public.courts.in.gov/mycase/.

Mr. Curtis filed this petition for a writ of habeas corpus on September 22, 2017. Dkt. No.

1.

## II. Discussion

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

In his petition for writ habeas corpus, Mr. Curtis raises four claims: 1) whether the trial court erred in ordering the defendant to pay restitution in "violation of Indiana law;" 2) whether the State committed prosecutorial misconduct in negotiating his plea agreement; 3) whether his trial counsel was ineffective throughout the entire criminal proceeding in Vanderburgh County; and 4) a due process claim under the Fourteenth Amendment with respect to the plea bargain process. Dkt. No. 1. Mr. Curtis does raise an ineffective assistance of counsel claim. However, this has never been presented to the Indiana Court of Appeals or the Indiana Supreme Court. Before presenting the claim to a federal court, Mr. Curtis must have presented the claim to the Indiana Court of Appeals and the Indiana Supreme Court. *See Hough*, 272 F.3d at 892.

If a petitioner has not fairly presented his claims to the state courts, a petitioner may nevertheless circumvent his failure to exhaust state remedies if either (1) no state corrective process is available to address his claims, or (2) circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B); *Castille v. Peoples*, 489 U.S. 346, 349 n. 1 (1989); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). Mr. Curtis has not presented any such arguments.

Further, the petitioner must not have any state remedies available to him at the time he files his federal habeas petition. *Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 668 (7th Cir. 1990).

Even assuming some of his claims were exhausted, federal district courts may not adjudicate mixed petitions, which contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The reason for dismissing the petition is because of the doctrine of comity, "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id*. at 274 (quoting *Rose*, 455 U.S. at 518) (quotation marks omitted). Thus, a petitioner must complete "total exhaustion" before a federal district court will adjudicate the habeas petition. *Id*.

Mr. Curtis must exhaust his state court remedies by filing a petition for post-conviction relief before he can file a habeas petition. Mr. Curtis is notified that there are strict time lines for filing a petition for writ of habeas corpus in 28 U.S.C. § 2254. "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

"The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state post-conviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).[1]

Accordingly, because Mr. Curtis has failed to exhaust his state court remedies, which is his burden to prove, *Baldwin v. Lewis*, 442 F.2d 29 (7th Cir. 1971), his petition must be dismissed.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mr. Wilson has failed to exhaust his state court remedies. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied without prejudice**. Judgment consistent with this Order shall now issue.

The motion to correct court, Dkt. No. 16, is granted to the limited extent that the respondent filed a return to show cause on November 17, 207, and not on November 17, 2018.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

---

[1] It appears that approximately ten months of Mr. Curtis's clock has run (from April 7, 2017, to August 11, 2017, and from January 24, 2018, through today's date). Because Mr. Curtis still has time, albeit it is limited, to file a petition for post-conviction relief in the trial court, and because he has not shown good cause why he has thus far failed to exhaust his state court remedies, the Court will not be issuing a stay in this action. *Rhines v. Weber*, 544 U.S. 269 (2005).

Judgment consistent with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 8/10/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GREG A. CURTIS
263668
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov